940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert LEATH, Plaintiff-Appellant,
v.
Tim ARNOLD, Defendant-Appellee,
Stephen T. Smith, John T. Wigginton, Corrections Cabinet, Defendants.
 No. 91-5261.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1991.
 
 1
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 Albert Leath, a pro se Kentucky prisoner, appeals the district court's orders dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination pursuant to Fed.R.App.P. 34(a), this panel unanimously agrees that oral argument is not necessary.
 
 
 3
 Seeking damages, Leath sued a former guard (Arnold) at the Luther Luckett Correctional Facility in his individual capacity. He also sued the Kentucky Corrections Cabinet, the warden (Smith) of the Luther Luckett Facility, and the secretary (Wigginton) of the Kentucky Corrections Cabinet in their official capacities. Leath alleged that his rights under the eighth amendment were violated when Arnold used more force than necessary to persuade him to obey a direct order.
 
 
 4
 The district court dismissed the claims against Smith, Wigginton and the Corrections Cabinet pursuant to Fed.R.Civ.P. 12(b)(6). The district court found that Leath had not stated a claim against Smith, Wigginton and the Corrections Cabinet because these parties were being sued for damages solely in their supervisory capacity. After further review, the district court granted summary judgment in favor of the remaining defendant, Arnold, finding that Arnold's conduct did not rise to a level of constitutional magnitude. Leath has filed a timely appeal, challenging both the dismissal of his claims against Smith, Wigginton and the Corrections Cabinet and the grant of summary judgment in favor of Arnold.
 
 
 5
 Upon review, we conclude that the district court properly dismissed the claims against Smith, Wigginton and the Corrections Cabinet pursuant to Rule 12(b)(6). Construing the complaint in the light most favorable to Leath, we conclude that he could prove no set of facts in support of his claims that would entitle him to relief. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Further, the district court's grant of summary judgment in favor of Arnold was proper because the record shows that there is no genuine issue as to any material fact and that Arnold was entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed for the reasons stated in the district court's opinions entered on September 4, 1990, and February 20, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation